IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22CV3092 |
| vs. | ORDER |
| HAROLD G. HOUSER, GREENBRIAR TOWNHOUSES, INC., HEDWIG LAND HOLDINGS 9, LLC, FORT CROOK FINANCIAL CO., LANCASTER COUNTY, NEBRASKA, and GUARDIAN PROPERTY SERVICES LLC, | |
| Defendants. | |

    This matter is before the Court on the Motion for Extension of Time to Serve Process and to Effect Substitute and Constructive Service (Filing No. 20) filed by the plaintiff, the United States of America. The United States moves the Court for an order approving alternative service on Defendant, Harold Houser, by leaving the process at Houser's usual place of residence and mailing a copy by first-class mail to his last-known address. The United States also requests an additional sixty days to accomplish such alternative service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The Court will grant the motion.

    Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," or by "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1)-(2). Under Nebraska law, "[a]n individual . . . may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01(1); see also Neb. Rev. Stat. § 25-505.01 (permitting service by certified mail or designated delivery service within ten days of issuance of summons). Upon a plaintiff's showing that "service cannot be made with reasonable diligence by any other method provided by statute," Nebraska law permits a court to authorize the plaintiff to use an alternative form of service of process, including "leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the

defendant's last-known address," or "by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard." Neb. Rev. Stat. § 25-517.02.

The United States requests a court order authorizing it to use an alternative form of service pursuant to Neb. Rev. Stat. § 25-517.02. After review of the United States' motion, brief, and supporting declaration and documents (Filing No. 20; Filing No. 21), the Court finds that the United States had demonstrated it is unable to serve Houser by traditional methods with reasonable diligence, and will therefore authorize the United States' request for alternative service. The United States filed this action on May 20, 2022, to reduce to judgment federal income tax, interest, and penalty assessments against Houser, and to obtain a judgment enforcing its federal tax liens against certain real property located at Greenbriar Lane, Lincoln, NE. (Filing No. 1). Before filing the Complaint, the United States conducted a search of IRS records and public records related to Houser's employment status, but was unable to find any current place of employment for him. IRS and public records reflected Houser's last known residential address is the Greenbriar Lane property. (Filing No. 21-1).

On June 1, 2022, the United States sent a waiver of service of summons to Houser pursuant to Fed. R. Civ. P. 4(d), but he did not return the waiver. On July 14, 2022, the United States engaged a process server to attempt personal service on Houser at the Greenbriar Lane property on the following dates and times: July 18, 2022, at 1:00 p.m.; July 20, 2022, at 9:25 a.m.; July 20, 2022, at 6:00 p.m.; July 21, 2022, at 8:33 a.m.; July 22, 2022, at 9:05 a.m.; July 23, 2022, at 3:40 p.m.; and July 26, 2022, at 4:45 p.m. (Filing No. 21-3). The process server was unable to effectuate service because no one would answer the door. The process server observed a vehicle in the property's garage on some days, while on other days the vehicle was not there. The process server spoke to a neighbor of the Greenbriar Lane property; the neighbor informed the process server that Houser has cameras all over his property and would be fully aware the process server was there. (Filing No. 21-2). After the process server was unsuccessful in serving Houser, the United States arranged for service of process by the Lancaster County Sheriff's Office on July 27, 2022. A Lancaster County Sheriff Deputy made three "diligent" attempts to serve Houser on: July 28, 2022, at 1:15 p.m.; on August 9, 2022, at 10:46 a.m.; and on August 10, 2022, at 10:48 a.m., but again, no one answered the door. (Filing No. 21-4). Throughout these unsuccessful attempts of service, the United States performed follow-up searches of public records databases to uncover

additional information regarding whether Houser still resided at the Greenbriar Lane property, but obtained no new information. (Filing No. 21-1).

Under the circumstances outlined above, the Court finds the United States has been unable to serve Houser with reasonable diligence by traditional means. The Court will therefore authorize the United States to use an alternative form of service pursuant to Neb. Rev. Stat. § 25-517.02. Additionally, for good cause shown, the Court will also extend the deadline for the United States to serve Houser by sixty days. See Fed. R. Civ. P. 4(m) (directing the court to extend the time for service of process for an appropriate period upon the plaintiff's showing of good cause). Upon consideration,

**IT IS ORDERED:** that the United States of America's Motion for Extension of Time to Serve Process and to Effect Substitute and Constructive Service on Defendant Harold Houser (Filing No. 20) is granted. The United States shall have an extension of time to **October 17, 2022**, to accomplish service upon Defendant Harold Houser by leaving the process at Houser's usual place of residence and by mailing a copy by first-class mail to his last-known address.

Dated this 18th day of August, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge