IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HAROLD G. HOUSER,<br><br>    Defendant. | 4:22-CV-3092<br><br>MEMORANDUM AND ORDER |

  The United States moves pursuant to Fed. R. Civ. P. 55(a) for a default judgment against the remaining defaulted defendant, Harold G. Houser. Filing 44. But the record before the Court is insufficient to determine the amount of damages. *See* Rule 55(b)(2)(B).

## BACKGROUND

  The United States filed suit on May 20, 2022, against Houser and several other defendants against whom the government's claims have been resolved. *See* filing 42. The government's operative amended complaint was filed on August 15. Filing 16. Based on the government's showing that Houser was likely evading service of process, *see* filing 21, the Court permitted the government to effect alternative service, *see* filing 22. Service of process was completed in accordance with the Court's order. *See* filing 33; filing 34. Houser did not respond to the complaint and his default was entered on November 17, 2022. Filing 37.

## DISCUSSION

  When a default judgment is entered, the facts alleged in the complaint, except as to damages, may not be later contested. *Marshall v. Baggett*, 616 F.3d

849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id.* Therefore, it is incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53. And then, even though the allegations of the plaintiff's complaint are admitted, *see id.*, it is still necessary for the Court to determine the plaintiff's damages based upon the evidence. *See* Rule 55(b)(2)(B); *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).

### LEGITIMATE CAUSE OF ACTION

So, the task for the Court is, first, to consider the allegations of the complaint to ensure that the United States has stated a legitimate cause of action. It has. The undisputed facts establish that Houser failed to pay the total amount owed in income tax for the tax years 2002 and 2004 through 2012. Filing 16 at 3. A delegate of the Secretary of the Treasury made income tax, interest, and penalty assessments against Houser, which he did not pay in full. Filing 16 at 3-5. The United States may sue to collect an unpaid assessment, as it has done here. 26 U.S.C. § 6502. Thus, the government has stated a legitimate cause of action.

### DAMAGES

Second, the Court must consider whether the government's damages can be determined based on the evidence presented in support of its motion. But they cannot—at least, not in their entirety.

The Secretary may collect what is owed through a court proceeding within ten years of the assessment. § 6502. Houser filed his 2002, 2004, 2005,

2008, 2009, 2010, and 2011 returns all on January 8, 2013, and the Secretary assessed the tax owed for each return between February 18, 2013, and March 4, 2013. Filing 46-3 at 2, filing 46-4 at 2, filing 46-5 at 2, filing 46-8 at 2, filing 46-9 at 2, filing 46-10 at 2, filing 46-11 at 2. A substitute for return for the 2006 tax year was filed on June 17, 2008, and assessed on August 2, 2010. Filing 46-6 at 2. A substitute for return for the 2007 tax year was filed on December 12, 2009, and assessed on August 2, 2010. Filing 46-7 at 2. Houser filed his 2012 return on April 19, 2014, and the Secretary made the assessment on June 16, 2014. Filing 46-12 at 2.

The ten-year statute of limitations appears to have run as of August 2, 2020, for the 2006 and 2007 assessments. However, in January 2013 and June 2014, Houser submitted Offers-in-Compromise for the tax years at issue. Filing 16 at 5. These offers prohibited the Secretary from collecting the assessment, tolling the statute of limitations under § 6503 until the offers were returned or rejected. The statute was tolled for both tax years, then, from February 25, 2013, until July 23, 2013, and from July 7, 2014, until January 6, 2016. Filing 46-6 at 4; filing 46-7 at 4. The statute of limitations, then, was tolled until June 29, 2022, and the United States initiated this action within the statute of limitations, on May 20, 2022. Filing 1.

In support of its motion, the United States has provided Certificates of Assessments, Payments, and Other Specified Matters for each of the tax years at issue. These are computer-generated forms that reflect taxes assessed and paid by a taxpayer in a given year, and are "sufficient to establish the validity of the assessments." *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993). But interest and statutory additions continue to accrue until payment of a tax assessment. 26 U.S.C. §§ 6601, 6651. And that's where the government's evidence starts to fall short.

- 3 -

The United States submitted some evidence supporting the amounts due, including the accrued interest as of December 8, 2022. According to these documents, the total balance of the unpaid taxes and statutory additions, including penalties and interest, as of that date is $130,008.19. Filing 46-1 at 2. But the Court can find nothing in the record supporting those assertions. Specifically, the United States has not explained the basis by which the prejudgment interest was calculated—and while the Court has no reason to question the government's good faith, the Court's responsibility to determine the amount of damages from the evidence doesn't permit the Court to just accept the government's conclusions at face value.

A default judgment cannot be entered until the amount of damages has been ascertained. *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000). And actual damages must be proven to a reasonable degree of certainty. *United States Sec. & Exch. Comm'n v. Markusen*, 143 F. Supp. 3d 877, 887 (D. Minn. 2015); *see Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). Here, the government's failure to show its math prevents the Court from evaluating the evidence of damages. Accordingly,

IT IS ORDERED:

1. The government's motion for default judgment (filing 44) will be held in abeyance pending supplemental evidence showing the basis for the government's asserted damages.

2. Such supplemental evidence shall be submitted on or before March 6, 2023.

3.  The Clerk of the Court shall set a case management deadline for March 6, 2023.

Dated this 3rd day of February, 2022.

                                              BY THE COURT:

                                              John M. Gerrard
                                              United States District Judge